CASANUEVA, Judge.
Richard Williams challenges the order of the trial court dismissing his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because Mr. Williams failed to present a facially sufficient claim, we affirm the trial court’s order without prejudice.
In his motion, Mr. Williams alleged that the three-year mandatory minimum term of imprisonment for trafficking in methamphetamine was illegally imposed. He based his claim on our opinion in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA), review dismissed, 821 So.2d 302 (Fla.2002). Taylor held that chapter 99-188, Laws of Florida, which provided for the imposition of the mandatory minimum prison sentences for certain drug offenses, is unconstitutional because it violates the single subject rule of the Florida Constitution. In ruling on the motion, the trial court found that we had certified the question presented in Taylor to the supreme court, “which has neither answered the certified question nor denied jurisdiction of the case,” and that it would be “both proper under the circumstances and a prudent use of judicial resources” to dismiss Mr. Williams’s motion without prejudice to refiling it, pending resolution of the issue by the supreme court. Because the State on May 29, 2002, voluntarily dismissed its appeal in the supreme court, see 821 So.2d 302, the issue is no longer pending there. Moreover, in Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003), this court has since held that the reenactment of the sentencing provisions of chapter 99-188 cannot be applied retroactively because this would violate the Ex Post Facto Clauses of the United States and Florida Constitutions. Therefore, at the present time, Taylor is the law in this district.
If Mr. Williams’s offense occurred within the Taylor window, he is entitled to be resentenced under the valid law in effect at the time of the offense. See Green, 839 So.2d 748. However, he failed to present a facially sufficient claim for relief under rule 3.800(a) since he failed to affirmatively allege that he committed the offense on a date within the Taylor window. See Sims v. State, 838 So.2d 658 (Fla. 2d DCA 2003). We therefore affirm the order of the trial court without prejudice to any right Mr. Williams might have to file a facially sufficient claim. Id.
Affirmed.
ALTENBERND, C.J., and COVINGTON, J., Concur.